IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JEAN SIRACUSA,<br><br>    **Plaintiff**,<br><br>        **v.**<br><br>MARRIOTT INTERNATIONAL INC.,<br>LUXURY HOTELS INTERNATIONAL OF<br>PUERTO RICO d/b/a RITZ CARLTON<br>HOTEL CASINO,<br><br>    **Defendants.** | **Civil No.** 17-1145 (FAB) |

**OPINION AND ORDER[1]**

BESOSA, District Judge.

Before the Court are defendant Marriott International Inc. ("Marriott") and Luxury Hotels International of Puerto Rico d/b/a Ritz Carlton Hotel Casino ("Ritz Carlton") (collectively, "defendants")'s motion to compel arbitration and dismiss pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and Marriott's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 53.) For the reasons set forth below, the Court **GRANTS** Ritz Carlton's motion to compel arbitration, and **DENIES** Marriott's motion to compel arbitration. (Docket No. 53.) The Court **GRANTS**

---

[1] Jeremy S. Rosner, a third-year student at Emory University School of Law, assisted in the preparation of this Opinion and Order.

Marriott's motion to dismiss pursuant to Rule 12(b)(6). (Docket No. 53.)

## I.   BACKGROUND

Jean Siracusa ("Siracusa") worked for Ritz Carlton from February 2005 through November 2015. (Docket No. 47 at p. 2.) Siracusa alleges that, as Ritz Carlton's parent company, Marriott was also her employer during this time. Id. In November 2015, Siracusa suffered a work-related accident, which caused her anosmia (the loss of smell and taste). Id. at pp. 2-3. She reported the incident to the Puerto Rico State Insurance Fund ("State Insurance Fund"), which ordered her "to rest starting on November 23, 2015." Id. at p. 3. The State Insurance Fund later allowed Siracusa to return to work on the condition that Ritz Carlton would provide her with certain accommodations. Id. In December 2015, Siracusa "advised Ritz Carlton that the State Insurance Fund had indicated that she needed an accommodation to viabilize [sic] her return to work." Id. at p. 4. According to Siracusa, "Ritz Carlton in an unjustified manner delayed and failed to provide the necessary reasonable accommodation[s] needed by Siracusa." Id. at p. 3. Siracusa was never reinstated, and eventually Ritz Carlton terminated her employment, claiming that Siracusa had abandoned her job. Id. at p. 6.

Siracusa claims that Ritz Carlton's actions violated federal and local anti-discrimination statutes. (Docket No. 47 at pp. 1

and 6; see 42 U.S.C. § 1201; P.R. Laws Ann. tit. 1, § 501.)  On January 18, 2017, Siracusa requested in writing that Ritz Carlton commence an arbitration action to resolve her employment claims against the defendants pursuant to the Ritz Carlton Employee Agreement's "Open Appeal and Issue Resolution Process." (Docket No. 47 at p. 6; Docket No. 53, Ex. 1, at pp. 6, 12-13.) According to Siracusa, Ritz Carlton refused to submit the dispute to arbitration. (Docket No. 47 at p. 6.)

On February 1, 2017, Siracusa commenced this civil action against the defendants alleging that Ritz Carlton's conduct was discriminatory and retaliatory, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201, and Puerto Rico Law 44 ("Law 44"). (Docket No. 1; see also P.R. Laws Ann. tit. 1, § 501.)[2] On November 9, 2017, the defendants moved to dismiss Siracusa's claims and compel arbitration.  (Docket No. 53 at p. 1.)

## II.  DEFENDANTS' MOTION TO COMPEL ARBITRATION

The defendants move to dismiss Siracusa's claims for lack of jurisdiction, contending that Siracusa "is contractually bound to arbitrate her discrimination, retaliation and unjust dismissal claims." (Docket No. 53 at p. 6.)  The defendants maintain that, "[p]ursuant to the FAA, this [] Court must compel [Siracusa] to

---

[2] On August 22, 2017, Siracusa filed an amended complaint.  (Docket No. 39.) Siracusa filed a second amended complaint on October 5, 2017.  (Docket No. 47.)

comply with her contractual obligation to arbitrate her claims."
(Docket No. 53 at p. 6.)

A.   **Standard of Review**

The Federal Arbitration Act ("FAA") establishes the
validity and enforceability of written arbitration agreements.
9 U.S.C. § 2.  "Whether or not a dispute is arbitrable is typically
a question for judicial determination." Dialysis Access Ctr., LLC
v. RMS Lifeline, Inc., 638 F.3d 367, 375 (1st Cir. 2011) (citing
Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 296
(2010)).  "The court 'shall' order arbitration 'upon being
satisfied that the making of the agreement for arbitration or the
failure to comply therewith is not in issue.'" Rent-A-Ctr., W.,
Inc. v. Jackson, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 4).

For the Court to compel arbitration, a party must
demonstrate "[1] that a valid agreement to arbitrate exists,
[2] that the movant is entitled to invoke the arbitration clause,
[3] that the other party is bound by that clause, and that [4] the
claim asserted comes within the clause's scope." Dialysis Access
Ctr., 638 F.3d at 375 (quoting InterGen N.V. v. Grina, 344 F.3d
134, 142 (1st Cir. 2003)).  "[Q]uestions of arbitrability must be
addressed with a healthy regard for the federal policy favoring
arbitrations." HIM Portland, LLC v. DeVito Builders, Inc., 317
F.3d 41, 43 (1st Cir. 2003) (quoting Moses H. Cone Mem'l Hosp. v.

Mercury Constr. Corp., 460 U.S. 1, 24 (1983)).  "[A]s a matter of
federal law, any doubts concerning the scope of arbitrable issues
should be resolved in favor of arbitration, whether the problem at
hand is the construction of the contract language itself or an
allegation of waiver, delay, or a like defense to arbitrability."
Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25.

        A party can expressly or implicitly waive its arbitral
rights.  See Joca-Roca Real Estate, LLC v. Brennan, 772 F.3d 945,
948 (1st Cir. 2014) ("[P]arties to a contract normally are free to
waive the right to arbitration.  Such a waiver may be either
express or implied.") (internal citation omitted).  To determine
whether a party to an arbitration agreement has waived its right
to arbitrate, the Court considers the following factors:

> whether the party has actually participated in the
> lawsuit or has taken other action inconsistent with his
> right, . . . whether the litigation machinery has been
> substantially invoked and the parties were well into
> preparation of a lawsuit by the time an intention to
> arbitrate was communicated by the defendant to the
> plaintiff, . . . whether there has been a long delay in
> seeking the stay or whether the enforcement of
> arbitration was brought up when trial was near at hand.
> . . . whether the defendants have invoked the
> jurisdiction of the court by filing a counterclaim
> without asking for a stay of the proceedings, . . .
> whether important intervening steps (e.g., taking
> advantage of judicial discovery procedures not available
> in arbitration . . .) had taken place, . . . and whether
> the other party was affected, misled, or prejudiced by
> the delay.

Jones Motor Co. v. Chauffeurs, Teamsters, & Helpers Local Union
No. 633, 671 F.2d 38, 44 (1st Cir. 1982) (alterations in original)

(quoting <u>Reid Burton Constr., Inc. v. Carpenters Dist. Council</u>, 614 F.2d 698, 702 (10th Cir. 1980)). "In considering whether a party has waived its arbitration right, courts are consistently mindful of the strong federal policy favoring arbitration." <u>Carrión-Concepción v. First Fed. Fin. Corp.</u>, No. 10-1617, 2011 U.S. Dist. LEXIS 120203, at *12 (D.P.R. Aug. 3, 2011) (Vélez-Rivé, Mag. J.) (citing <u>Creative Sols. Grp., Inc. v. Pentzer Corp.</u>, 252 F.3d 28, 32 (1st Cir. 2001)).

"[W]aiver is not to be lightly inferred, and mere delay in seeking [arbitration] without some resultant prejudice to a party cannot carry the day." <u>Page v. Moseley, Hallgarten, Estabrook & Weeden, Inc.</u>, 806 F.2d 291, 293 (1st Cir. 1986) (internal citation omitted). "[I]n order for plaintiffs to prevail on [a] claim of waiver, they must show prejudice." <u>Carrión-Concepción</u>, 2011 U.S. Dist. LEXIS 120203, at *13 (citations omitted). "Prejudice is relevant to waiver when it is the product of a defendant's failure to timely invoke the arbitration procedure." <u>Creative Sols.</u>, 252 F.3d at 33. "When determining whether a defendant prejudicially failed to invoke arbitration in a timely manner, [courts] consider the larger context of the litigation." <u>Lomas v. Travelers Prop. Cas. Corp.</u>, 376 F.3d 23, 26 (1st Cir. 2004) (citations omitted).

## B.    Discussion

### 1.    Arbitration Agreement with Ritz Carlton

It is uncontested that "a valid agreement to arbitrate exists" between Siracusa and Ritz Carlton, that Ritz Carlton is "entitled to invoke the arbitration clause," and that both Siracusa and Ritz Carlton are "bound by that clause." See Dialysis Access Ctr., 638 F.3d at 375; Docket No. 47 at p. 1; Docket No. 53, Ex. 1 at p. 12; Docket No. 53, Ex. 2; Docket No. 57 at pp. 2 and 5. Siracusa signed the Ritz Carlton employment agreement with the arbitration clause, making her a party to the arbitration dispute. (Docket No. 53, Ex. 2.) Ritz Carlton is entitled to invoke the arbitration clause as party to the employment contract. See Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc., 258 F. Supp. 3d 255, 261 (D.P.R. 2017) (Besosa, J.) ("The second requirement . . . that the parties moving to compel arbitration be entitled to invoke the arbitration clause. . . . is satisfied where the movants are signatories or parties to the agreement containing the arbitration provision.").[3] Siracusa does not challenge the validity of the arbitration clause, nor does she deny her or Ritz Carlton's status as being parties to the agreement. Indeed, Siracusa maintains that she attempted to invoke

---

[3] The Court has validated the same employment arbitration clause in a similar case involving a different Ritz Carlton employee. See Torres-Rosario v. Marriott Int'l, 872 F. Supp. 2d 149 (D.P.R. 2012) (Besosa, J.).

the arbitration clause, despite Ritz Carlton's alleged denial of her request to arbitrate. (Docket No. 47 at pp. 6-7.)

It is also undisputed that Siracusa's claims "come[] within the clause's scope." See Dialysis Access Ctr., 638 F.3d at 375; Docket No. 47. The arbitration agreement's scope extends to "termination[s] for any reason or for management decisions that . . . are discriminatory or retaliatory." (Docket No. 53, Ex. 1 at p. 12.) Siracusa's claims involve both her termination and management decisions that were allegedly discriminatory and retaliatory. (Docket No. 47 at p. 1.) The allegations are therefore covered by the arbitration clause, and Siracusa's intent to submit these claims to arbitration confirm her understanding that the claims fall within the clause's scope. See Docket No. 47 at pp. 6-7.

Because Siracusa and Ritz Carlton demonstrate that they have "a valid agreement to arbitrate," that Ritz Carlton is entitled to invoke the arbitration clause, that Siracusa "is bound by that clause," and that Siracusa's claims "come[] within the clause's scope," the Court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not at issue." See Dialysis Access Ctr., 638 F.3d at 375; Rent-A-Ctr., W., Inc., 561 U.S. at 68.

Siracusa's contention that Ritz Carlton waived its arbitral right is unavailing. Siracusa claims that Ritz Carlton

waived its right to compel arbitration because Ritz Carlton "ignor[ed] [Siracusa's] timely request to arbitrate" her claims. (Docket No. 54 at p. 4.) Ritz Carlton has filed two main motions in this action: (1) a motion for extension to file an answer to the complaint, or otherwise plead, and (2) a motion to dismiss for lack of jurisdiction and motion to compel arbitration. (Docket Nos. 49 and 53.) The latter motion was consistent with Ritz Carlton's desire to arbitrate its claims. Ritz Carlton has thus not "participated in the lawsuit," "invoked the jurisdiction of the court," or "taken other action inconsistent with [its] right." See Jones Motor Co., 671 F.2d at 44.[4]

        The parties are also not "well into preparation of [the] lawsuit," nor was there a "long delay" before Ritz Carlton sought the enforcement of its right. See Jones Motor Co., 671 F.2d at 44. Ritz Carlton immediately communicated its intention to arbitrate in its motion to compel arbitration, which was filed only one month after Siracusa filed her second amended complaint. (Docket Nos. 47 and 53.) Siracusa and Ritz Carlton have engaged in neither discovery nor substantial litigation. See id.; Creative

---

[4] Siracusa argues that "Marriott waived a request for arbitration when it moved forward with this case and debated to merits of the allegations by negating its status as plaintiff is [sic] employer." (Docket No. 54 at p. 3.) "[I]t is well-established[, however,] that a party does not waive its right to arbitrate merely by filing a motion to dismiss." Gollo v. Seaborne P.R., LLC, No. 15-1771, 2017 U.S. Dist. LEXIS 23244, at *10 (D.P.R. Feb. 17, 2017) (García-Gregory, J.) (citing Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir. 2004)).

Sols., 252 F.3d at 33 (finding no waiver when the parties had not engaged in discovery or other major litigation activity).

Finally, there is no evidence that Siracusa was prejudiced by Ritz Carlton's alleged "failure to timely invoke the arbitration procedure." See Creative Sols., 252 F.3d at 33. Because "waiver is not to be lightly inferred, and mere delay in seeking [arbitration] without some resultant prejudice" is insufficient to find that Ritz Carlton waived its arbitral right, the Court finds that Ritz Carlton did not waive its arbitral right. See Rent-A-Ctr., W., Inc., 561 U.S. at 68. Accordingly, the Court **GRANTS** Ritz Carlton's motion to compel arbitration. (Docket No. 53.)

### 2. Arbitration Agreement with Marriott

Unlike Ritz Carlton, Marriott has failed to demonstrate the existence of a valid agreement to arbitrate between Siracusa and it. See Dialysis Ctr., 638 F.3d at 375. There is no evidence that Siracusa signed an arbitration agreement with Marriott. In the absence of a direct agreement between Marriott and Siracusa, the Court considers whether Marriott, as the parent company of Ritz Carlton, is party to Ritz Carlton's employment agreement with Siracusa.

Marriott may only be considered party to the arbitration agreement between Ritz Carlton and Siracusa if the Court finds that Ritz Carlton and Marriott are "joint employers"

or an "integrated employer."  See Miranda v. Deloitte LLP, 980 F.

Supp. 2d 218, 232 (D.P.R. 2013) (Besosa, J.).  As joint employers

or an integrated employer, Ritz Carlton's signing of the

arbitration agreement with Siracusa could bind Marriott.  See id.

"A strong presumption exists[, however,] that a parent corporation

is not the employer of its subsidiary's employees, and it is

therefore deemed a separate employer unless it meets the joint

employment test or the integrated employer test."  Miranda, 980 F.

Supp. 2d at 232 (citing Engelhardt v. S.P. Richards Co., 472 F.3d

1, 4 (1st Cir. 2006)).

        Pursuant to the joint employment test, "a joint

employer relationship exists where two or more employers exert

significant control over the same employees and share or co-

determine those matters governing essential terms and conditions

of employment."  Rivera-Vega v. Conagra, Inc., 70 F.3d 153, 163

(1st Cir. 1995) (quoting Holyoke Visiting Nurses Ass'n v. NLRB, 11

F.3d 302, 306 (1st Cir. 1993)).  With respect to integrated

employer status, "[t]he First Circuit has explained that, under

the 'single employer' or 'integrated employer' doctrine, two

nominally separate companies may be so interrelated that they

constitute a single employer."  Meléndez-Fernández v. Special Care

Pharm. Servs., No. 11-1662, 2012 U.S. Dist. LEXIS 146705 (D.P.R.

Oct. 10, 2012) (Casellas, J.) (citing Torres-Negrón v. Merck &

Co., Inc., 488 F.3d 34, 40-41 (1st Cir. 2007)).

Marriott does not present sufficient evidence to overcome the presumption against joint employer or integrated employer status.  See Miranda, 980 F. Supp. 2d at 235 (citing Romano v. U-Haul Int'l, 233 F.3d 655, 665-68 (1st Cir. 2000)). Because there is insufficient evidence to support a conclusion of joint or integrated employer status, the Court cannot consider Marriott party to the arbitration agreement between Siracusa and Ritz Carlton.    Accordingly, Marriott's motion to compel arbitration is **DENIED**.

### III. MARRIOTT'S MOTION TO DISMISS

Marriott also requests that the Court dismiss Siracusa's case against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).   (Docket No. 53 at p. 1.) Marriott argues that it "was never [Siracusa's] employer" and therefore cannot be liable to Siracusa pursuant to the ADA or Law 44.  Id.

#### A.    Standard of Review

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court must decide whether the complaint alleges sufficient facts to

"raise a right to relief above the speculative level." Id. at 555. In doing so, the Court is "obligated to view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor," Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011), while "discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action." Sánchez v. United States, 707 F. Supp. 2d 216, 225 (D.P.R. 2010) (Domínguez, J.) (citing Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009)) aff'd, 671 F.3d 68 (1st Cir. 2012).

**B.   Discussion**

The viablity of Siracusa's employment claims against Marriott depend on whether the Court can reasonably infer that Marriott was Siracusa's employer. See 42 U.S.C. § 1201; P.R. Laws Ann. tit. 1, § 501; see also United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). To survive the motion to dismiss, Siracusa must allege sufficient facts, taken as true, to establish that she had an employment relationship with Marriott. See Redondo Waste Sys. v. López-Freytes, 659 F.3d 136, 140 (1st Cir. 2011). With respect to Marriott, Siracusa contends:

> Defendant, Marriot [sic] International Inc [sic]; Luxury
> Hotels International of Puerto Rico, Inc. (D/B/A Ritz
> Carlton Hotel Casino and Spa "Ritz Carlton"), is an
> employer as defined by the federal and local legislation
> invoked in this action (jointly referred to as "Ritz
> Carlton Hotel" or "Ritz Carlton").

(Docket No. 47 at p. 2.)  Siracusa asserts no other facts

pertaining to Marriott.  See Docket No. 47.[5]

        Siracusa does not plead sufficient factual matter to

support a "plausible" conclusion that Marriott was her employer.

See Twombly, 550 U.S. at 570.  Siracusa's claims against Marriott

are "factually threadbare."  See Sánchez, 707 F. Supp. 2d at 225.

Although the Court is required "to resolve any ambiguities" in

Siracusa's favor, see Ocasio-Hernández, 640 F.3d at 17, the Court

must "discard[] . . . factually threadbare recitals of the elements

of a cause of action."  Sánchez, 707 F. Supp. 2d at 225; see Aulson

v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (holding that "bald

assertions,        unsupportable        conclusions, periphrastic

circumlocutions, and the like need not be credited" at the motion

to dismiss stage) (citation omitted).  Because Siracusa fails to

---

[5] While Siracusa designates the names "Ritz Carlton" and "Ritz Carlton Hotel"
to address both defendants, the majority of Siracusa's allegations against "Ritz
Carlton" cannot plausibly apply to Marriott. (Docket No. 47 at p. 2; see
Ocasio-Hernández, 640 F.3d at 17.) For example, Siracusa claims that she "held
the position of Front Desk Agent in the Ritz Carlton Hotel in Isla Verde, Puerto
Rico." (Docket No. 47 at p. 2.) Marriott is headquartered in Bethesda,
Maryland. (Docket No. 1 at p. 2.) The Court cannot reasonably infer that "Ritz
Carlton Hotel" includes Marriott in this context. The same implausibility
applies to Siracusa's other allegations involving "Ritz Carlton." See id. at
pp. 2-7. Accordingly, the Court interprets Siracusa's references to "Ritz
Carlton" and "Ritz Carlton Hotel" as relating exclusively to Ritz Carlton, and
not including Marriott.

support her allegations against Marriott with sufficient facts, the Court finds her claims against Marriott conclusory. Accordingly, the Court **GRANTS** Marriott's motion to dismiss (Docket No. 53).

## IV. CONCLUSION

For the reasons set forth above, Ritz Carlton's motion to compel arbitration is **GRANTED**, and Marriott's motion to compel arbitration is **DENIED**. (Docket No. 53.) Marriott's motion to dismiss is **GRANTED**. (Docket No. 53.) Accordingly, Siracusa's claims against Ritz Carlton are **DISMISSED WITHOUT PREJUDICE**.[6] Siracusa's claims against Marriott are **DISMISSED WITH PREJUDICE**. (Docket No. 47.) Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 5, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[6] When compelling arbitration, a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. Although there has been no application by any party to stay the proceedings, "[w]here a court determines that all claims raised by plaintiff are subject to arbitration, the court may dismiss the entire action, rather than staying it." Caguas Satellite Corp. v. Echostar Satellite LLC, 824 F. Supp. 2d 309, 316 (D.P.R. 2011) (Besosa, J.) (citing Bercovitch v. Baldwin Sch., Inc., 133 F. 3d 141, 156 n.21 (1st Cir. 1998)). Here, all of Siracusa's claims against Ritz Carlton fall within the scope of the arbitration clause. See Docket No. 47. Accordingly, the Court dismisses Siracusa's claims against Ritz Carlton without prejudice.